UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE G. WILLIAMS,

    Petitioner,
                                        Case No. 19-cv-10415
                                        Hon. Matthew F Leitman

v.

DEPARTMENT OF MENTAL HEALTH
and ALLEGAN COUNTY CIRCUIT COURT,

    Respondents.
_____/

**ORDER TRANSFERRING CASE TO THE COURT OF APPEALS AS A SECOND OR SUCCESSIVE PETITION UNDER 28 U.S.C. § 2244(b)(3)(A)**

Petitioner Theodore G. Williams, proceeding pro se, recently filed a petition for the writ of habeas corpus under 28 U.S.C. § 2241. (*See* Petition, ECF #1.) Williams is confined at the Center for Forensic Psychiatry in Ann Arbor, Michigan. He alleges that (1) the Michigan Supreme Court violated the now-repealed Criminal Sexual Psychopath Act of 1969 when it ruled that he was illegally discharged from the Department of Mental Health and the Kalamazoo State Hospital; (2) the Michigan Department of Mental Health should have taken custody of him after it was determined that he had been illegally discharged; and (3) he was not advised of his constitutional rights following his second arrest. (*See* Pet., ECF #1 at Pg. ID 6-7.) He wants to be discharged from custody and awarded money damages "for all

the years that [he has] been locked up." *See id*., p. 8. Because Williams' Petition is a second or successive petition under 28 U.S.C. § 2244(b)(3)(A), the Court will transfer the Petition to the Court of Appeals for a determination of whether this Court may adjudicate the substantive merits of Williams' claims.

# I

The facts underlying Williams' case have been summarized as follows:

> In October 1967, Theodore Williams, the petitioner, entered a plea of guilty in Michigan state court to a charge of first degree murder. Prior to sentencing, Williams was designated a "criminal sexual psychopath," under the then-applicable Sexual Psychopath Act, and committed to the custody of a state mental hospital. He was initially discharged in September 1973, but he was returned to custody in 1979, following a determination by the Michigan Supreme Court that he had been improperly released. *See People v. Williams,* 406 Mich. 909 (1979). . . .

*Williams v. Meyer*, 346 F.3d 607, 610 (6th Cir. 2003).

In 1991, Williams filed a petition for discharge, which the state circuit court denied. The Michigan Court of Appeals affirmed on March 13, 1998, *see People v. Williams,* 580 N.W.2d 438 (Mich. Ct. App. 1998), and on November 24, 1998, the Michigan Supreme Court denied Williams' application for leave to appeal. *See People v. Williams,* 589 N.W.2d 287 (Mich. 1998).

In 1993, after the state circuit court rejected Williams' constitutional claims, he filed a federal petition for the writ of habeas corpus under 28 U.S.C. § 2254. He argued that his continued confinement violated his rights to due process and equal

protection of the law. Ultimately, a federal magistrate judge recommended that the petition be denied, and the district court adopted the magistrate judge's report and recommendation. *See Williams. v. Meyer*, No. 93-75495 (E.D. Mich. Sept. 7, 2005). The United States Court of Appeals for the Sixth Circuit affirmed the district court's decision. *See Williams v. Meyer*, 254 F. App'x 459 (6th Cir. 2007). On February 11, 2019, Williams filed the current Petition.

## II

A threshold question is whether the Court has jurisdiction to address the merits of Williams' claims. Habeas petitioners generally have only "one shot to pursue their claims in federal court," *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016), and, as noted above, this is not Williams' first habeas corpus petition. "The Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA') limits the authority of federal courts to grant relief to individuals who previously filed a habeas petition and requires petitioners challenging state court judgments to seek authorization in a federal appeals court before filing a 'second or successive' petition in district court." *In re Tibbetts*, 869 F.3d 403, 405 (6th Cir. 2017) (citing 28 U.S.C. 2244(b) and *In re Stansell* 828 F.3d at 814), *cert. denied sub nom. Tibbetts v. Jenkins*, 138 S. Ct. 661 (2018).

Williams has not acquired permission from the United States Court of Appeals for the Sixth Circuit to file a second or successive petition, and this Court lacks

jurisdiction to consider a second or successive petition without prior authorization from the Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 157 (2007); *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016), *cert. denied*, 137 S. Ct. 2188 (2017). Although "not all second-in-time petitions are 'second or successive,'" *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017) (citing *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007)),

> this not-second-or-successive exception is generally restricted to two scenarios. The first is where ripeness prevented, or would have prevented, a court from adjudicating the claim in an earlier petition. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 645, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998) (noting that "in [such] situations, the habeas petitioner does not receive an adjudication of his claim"). The second is where a federal court dismissed an earlier petition because it contained exhausted and unexhausted claims and in doing so never passed on the merits. *See Slack v. McDaniel*, 529 U.S. 473, 485–86, 120 S.Ct. 1595, 146 L. Ed. 2d 542 (2000).

*Id*.

Williams' claims were ripe when he filed his first petition in 1993, and that petition was denied on the merits. Accordingly, the current petition is a second or successive petition, and Petitioner should have sought authorization from the Court of Appeals before he filed his petition.

The fact that Williams filed his petition under 28 U.S.C. § 2241 (the general habeas statute), rather than 28 U.S.C. § 2254 (the more specific habeas statute for prisoners in custody pursuant to a state judgment), does not excuse Williams' failure to seek prior authorization from the Court of Appeals. "[S]ection 2244(b) applies to

4

any habeas corpus petition seeking relief from custody pursuant to a state court judgment." *Rittenberry v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006).

When, as here, a petitioner files a second or successive habeas corpus petition in the district court without prior authorization from the Court of Appeals, the district court must transfer the petition to the Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly,

**IT IS ORDERED** that the Clerk of Court shall transfer this case to the United States Court of Appeals for the Sixth Circuit for a determination of whether this Court may adjudicate the substantive merits of Williams' claims.

**IT IS SO ORDERED**.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 18, 2019


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 18, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764